NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PEDRO GONZALEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    21-70056

Agency No. A074-821-166

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 13, 2023[**]
San Francisco, California

Before:  BEA, BENNETT, and H.A. THOMAS, Circuit Judges.

Pedro Gonzalez, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals's ("BIA") order affirming the Immigration Judge's

("IJ") decision denying his application for cancellation of removal and denying his

request for a continuance. To the extent we have jurisdiction, it is conferred by

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

1. We lack jurisdiction to review the IJ's determination that Petitioner did not merit cancellation of removal as a matter of discretion. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Vilchez v. Holder*, 682 F.3d 1195, 1201 (9th Cir. 2012). We need not address Petitioner's arguments that the IJ erred in its determinations of hardship and good moral character because the IJ would be entitled to deny relief as a matter of discretion even if Petitioner were statutorily eligible. *See Romero-Torres v. Ashcroft*, 327 F.3d 887, 889 (9th Cir. 2003).

2. We review the denial of a motion to continue for abuse of discretion. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. The IJ "must focus principally on two factors: (1) the likelihood that the alien will receive the collateral relief, and (2) whether the relief will materially affect the outcome of the removal proceedings." *Matter of L-A-B-R-*, 27 I. & N. Dec. 405, 413 (A.G. 2018). The IJ may also consider the alien's diligence in pursuing the collateral relief, the government's position on the motion to continue, and the procedural history of the case. *Id.*

In upholding the IJ's denial of the motion to continue, the BIA considered the relevant factors. The BIA reasonably concluded that Petitioner had not made a sufficient proffer of eligibility for adjustment of status given that Petitioner's previously approved family-based petition had been automatically revoked upon the

2

death of his father and Petitioner had not submitted evidence that he made the necessary request for reinstatement. 8 C.F.R. § 205.1(a)(3)(i)(C)(2). The BIA also correctly noted that the IJ did not prevent Petitioner from filing an application for an adjustment of status. Although Petitioner argues that he was effectively denied the opportunity to pursue an adjustment of status due to time constraints, he fails to explain why he could not complete the application in the time given. Additionally, the BIA reasonably concluded that, based on his multiple DUI convictions, Petitioner was unlikely to merit adjustment of status even if his petition were reinstated. Thus, the denial of the motion to continue was not an abuse of discretion.

**PETITION DISMISSED IN PART AND DENIED IN PART.**